**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CR 05 136 T** |
| | : | |
| **V.** | : | **CR. No. 05-** |
| | : | |
| **ERIC PERRY** | : | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, ERIC PERRY have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a three count Information which charges the defendant with one count of possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(B); a second count of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(C); and, a third count of possession of ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Defendant agrees that he will plead guilty to all three counts of said Information. Defendant further agrees that the time between the filing of this plea

agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

b. The defendant agrees that he will not seek to vacate any prior criminal convictions, including, but not limited to, his 1998 conviction for receiving stolen goods (criminal information no. P2-1998-0292A), his 2002 conviction for possession of a stolen motor vehicle (criminal information no. P2-2002-0439A) and his 2004 conviction for conspiracy to violate the Uniform Controlled Substances Act (criminal information no. P2-2004-1437A).

c. The defendant further agrees that he will neither seek a downward departure under the guidelines nor advocate for a sentence below the guideline range.

d. The defendant hereby agrees and acknowledges that he is ineligible for any relief from a statutory minimum mandatory sentence or for a reduction of his guideline offense level pursuant to the "safety valve" provisions set forth in 18 U.S.C. § 3553(f) and USSG §§ 2D1.1(b)(7) and 5C1.2.

e. Defendant further agrees:

(i) to forfeit all interests in the $418 in United States currency seized by members of the Central Falls Police Department from his residence on April 28, 2005, said property being related to, derived from, and/or the proceeds of the defendant's criminal conduct. Defendant warrants that he is the sole owner of the property referenced above, and agrees to hold the United States, its agents, and its employees harmless from any

claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(ii) to waive all interest in such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

2. Government's Obligations. In exchange for the defendant's pleas of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the lowest point of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines. If however, the defendant seeks a downward departure under the guidelines or advocates for a sentence below the guideline range, the government will then be free to recommend any term of imprisonment within the applicable guideline range found by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if the defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, the defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and the defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to USSG § 3E1.1(b)(2), unless the defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government agrees that it will not file a sentencing enhancement information pursuant to 21 U.S.C. § 851. The defendant understands that, based upon his prior felony drug conviction, if the government did file the sentencing enhancement information, he would be subject to a mandatory minimum sentence of ten years on Count I.

e. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the

guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

a. The substance involved in Count I is 14.78 grams of cocaine base in the form of crack cocaine and the government would have proven that fact beyond a reasonable doubt; and,

b. The substance involved in Count II is 15.31 grams of cocaine and the government would have proven that fact beyond a reasonable doubt.

5. Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and the defendant reserve their rights to argue and present evidence on all other matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which defendant is pleading are as follows:

Count I - Forty years imprisonment, with a mandatory minimum term of five years imprisonment; a fine of $2,000,000; a term of supervised release of life, with a minimum mandatory term of four years; and a mandatory special assessment of $100;

Count II - Twenty years imprisonment; a fine of $1,000,000; a term of supervised release of life, with a minimum mandatory term of three years; and a mandatory special assessment of $100; and,

Count III - Ten years imprisonment; a fine of $250,000; a term of supervised release up to three years; and a mandatory special assessment of $100.

If imposed consecutively, the maximum penalties for all offenses to which the defendant is pleading guilty are seventy years imprisonment; a fine of $3,250,000; and a term of supervised release of life, with a minimum mandatory term of four years. The mandatory special assessment totals $300.

7. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against him any statement that he gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

9. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that he could request DNA testing of such evidence in this case prior to any finding of guilt against him. Defendant further understands that, following this Court's entry of a judgment of conviction for the offenses to which he is pleading guilty, the defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, the defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never

have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which he is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by the defendant, and to answer any questions asked by the Court.

11. Except for paragraphs 1, 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than the defendant expects, the defendant will not be allowed to withdraw his plea of guilty.

13. Defendant understands that he may have the right to file a direct appeal from the sentence imposed by the Court.

Defendant hereby waives his right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if the defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, the defendant shall not have the right to withdraw his guilty pleas.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced the defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for the defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to the defendant, and states that to the best of Counsel's knowledge and belief, the defendant understands the agreement.

18. Defendant states that he has read the agreement or has had it read to him, has discussed it with his Counsel, understands it, and agrees to its provisions.

ERIC PERRY
Defendant

12/12/05
Date

KEVIN J. FITZGERALD
Assistant Federal Defender
Counsel for Defendant

12-12-5
Date

for STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

13 Dec 05
Date

MARY E. ROGERS
Assistant U.S. Attorney
Chief, OCDETF Unit

12-13-05
Date