IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
PROVIDENCE DIVISION

| | | |
|---|---|---|
| ERIC PERRY,<br>Petitioner, | * | CIVIL CASE<br>NO. ______________ |
| VS. | * | |
| UNITED STATES OF AMERICA,<br>Respondent. | * | CRIMINAL CASE<br>NO. 05-136-T |

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Eric Perry, petitioner pro se (Perry), applies to the Court pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his conviction and sentence. In support of this Motion Petitioner Perry submits the following:

1. The judgment under attack was entered in the United States District Court, for the District of Rhode Island, Providence Division.

2. The judgment under attack was entered on June 9, 2006.

3. The judgment of conviction under attack resulted in a composite sentence of imprisonment consisting of 92 months followed by a term of supervised release of five years.

4. The nature of the offense involved the following criminal acts:

(a) possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(Count One);

(b) possession with intent to distribute a detectable

amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)(Count Two); and

(c) felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1)(Count Three).

5. Following a negotiated plea agreement, Petitioner Perry entered a plea of guilty to Counts One, Two and Three of the Criminal Information on February 8, 2006.

6. Petitioner Perry did file a direct appeal of his sentence with the Court of Appeals for the First Circuit, Case No. 06-2027. The Court of Appeals affirmed Petitioner Perry's conviction and sentence on February 13, 2007.

7. No petition for rehearing was filed.

8. No petition for certiorari was filed.

9. Petitioner Perry has not previously filed a § 2255 motion to vacate with this court or any other court.

10. Petitioner Perry submits the following grounds to support his claim that he is being held or either sentenced unlawfully:

A. GROUND ONE. Ineffective Assistance of Counsel. Trial and Appellate Counsels for petitioner Perry rendered ineffective assistance during sentencing and appeal. Counsels' ineffective assistance amounted to a constitutional violation and significantly affected the outcome of Perry's sentence and appeal. Perry claims that the instances of ineffectiveness occurred during sentencing and direct appeal proceedings.

B. GROUND TWO. Retroactive Sentencing Guideline Amendments. The Sentencing Commission has added two Amendments, 706 and 709

to the Sentencing Guidelines which does apply to Petitioner Perry's sentence. Both Guideline Amendments effectively reduces Petitioner Perry's sentence, and took effect subsequent to Petitioner Perry's sentencing and direct appeal proceedings.

11. Ground One or Two have not previously been presented.

12. Petitioner Perry does not have any petition or appeal now pending in any court.

13. Petitioner Perry was represented by Kevin Fitzgerald, Federal Defender's Office, 10 Weybosset Street, Suite 300, Providence, Rhode Island 02903, (401) 528-4281 (Pretrial - Sentencing); John T. Ouderkirk, Jr., Court Appointed, 116 High Street, Suite 112, Westerly, Rhode Island 02891-1891, (401) 932-4800 (direct appeal).

14. Petitioner Perry was sentenced on Counts One, Two and Three of the indictment.

15. Petitioner Perry does not have any future sentence to serve after completion of the sentence imposed by the judgment under attack.

## FACTS AND MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR
## CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255

Petitioner Perry, pro se moves this Honorable Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In support of this motion, Perry respectfully submits the following:

## JURISDICTION

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution and laws of the United States or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct sentence." 28 U.S.C. § 2255 (2007). However, § 2255 has a one-year limitations period. The limitations period runs from the latest of: (1) the date on which the conviction becomes final; (2) the date on which any governmental impediment to making the motion is removed; (3) the date on which any right giving rise to the motion was recognized by the Supreme Court; or (4) the date on which evidence is newly discovered that give rise to the motion. Id.

Petitioner Perry's § 2255 motion is timely filed under subsection (1) of § 2255, as it has been filed within one year of May 14, 2007, the date on which Perry's petition for certiorari was due to be filed with the Supreme Court, following the Court of appeals February 13, 2007 judgment affirming Perry's conviction and sentence.

I. **STATEMENT OF THE CASE.**

On April 28, 2005, law enforcement officers of the Central Falls Police Department executed a search warrant at Petitioner Perry's residence at 144 Central Street, Apartment 3. Upon gaining entrance into the apartment, law enforcement found Perry and a woman seated on a bed just inside the entrance door of the apartment. During the search, law enforcement found three rounds of nine-millimeter Winchester ammunition, 14.78 grams of crack cocaine, 15.31 grams of cocaine hydrochloride, a small amount of marijuana, $418.00 in U.S. currency and various other items.

Subsequently, a three count criminal information was returned charging Petitioner Perry with: 1) possession with intent to distribute five or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One); 2) possession with intent to distribute a detectable amount of cocaine hydro chloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); and 3) felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count Three). After negotiating and signing a plea agreement, Petitioner Perry entered a plea of guilty to Counts One, Two and Three of the criminal information.

A Probation Officer ("PO") prepared a Presentence Report ("PSR") on behalf of Perry. The PO recommended a base offense level of 27 and a Criminal History Score of V based on a total of 11 criminal history points. The PO also recommended a three level downward departure in Perry's base offense level due to Perry's

timely acceptance of responsibility, which resulted in an adjusted base offense level of 24. A base offense level of 24 with a combined Criminal History Score of V produced a guideline sentencing range of 92-115 months of imprisonment.

During sentencing, the Court imposed a sentence of 92 months of imprisonment against Mr. Perry. Petitioner Perry filed a timely appeal of his sentence. The First Circuit Court of Appeals affirmed Perry's sentence.

This application for relief pursuant to § 2255 follows:

## II. CLAIMS WARRANTING RELIEF.

### A.

### GROUND ONE

### Ineffective Assistance of Counsel In Violation of the Sixth Amendment.

Mr. Perry was denied effective assistance of counsel as secured by the Sixth Amendment of the Constitution. Perry alleges that there are instances of sentencing and appellate counsels' ineffec tive assistance which renders his sentence unlawful:

(i)

Counsel Misadvised Petitioner of Potential Sentence And Induced An Unintelligent Guilty Plea.

Attorney Kevin Fitzgerald advised Petitioner Perry that the potential sentence Perry could expect was between 63 to 78

months. See Attachment p 1. Counsel Fitzgerald had incorrectly calculated Mr. Perry's offense level at 19 and Criminal History Score at VI and ultimately reached an incorrect sentencing range of 63 to 78 months of imprisonment. Id. This sentencing miscalcula tion was conveyed to Mr. Perry on or before January 6, 2006, and effectively induced and influenced Mr. Perry's guilty plea on February 8, 2006. Counsel Fitzgerald's sentencing miscalculation led to affirmative misadvise being imparted upon Mr. Perry regarding Perry's potential sentence causing Perry to plead guilty based on expectation of a sentence much lesser than the Court has imposed. Because Mr. Perry has been misadvised of his potential sentence, the sentence must be vacated or set aside and Perry resentence to a term of imprisonment between 63 to 78 months, the guideline range which induced Perry's plea of guilty.

(ii)

Counsel's Misadvise To Petitioner About The Potential Sentence Caused Counsel To File A Motion For Sentencing Consideration Which In Return Caused The Government To Argue During Sentencing That Petitioner Had Breached The Terms of The Plea Agreement. Counsel's Error Pre judiced Petitioner By Affecting The Length of Imprison ment Imposed Upon Petitioner.

As stated above, Counsel Fitzgerald had incorrectly advised Petitioner Perry that he could expect a sentence between 63 to 78 months of imprisonment. Apparently, after Mr. Fitzgerald

received Mr. Perry's PSR and then realized that he had in fact misadvised Mr. Perry of the potential sentence, Mr. Fitzgerald then decided to file a motion for sentencing consideration in an effort to minimize the misadvise and also attempted to bring the PO's recommended sentence down and more closer to the misadvised 63 to 78 month sentencing range.

As a result of Mr. Fitzgerald filing the motion for sentencing consideration, the Government's attorney, Mr. Stephanie S. Browne, argued (during sentencing) that Mr. Perry had breached the terms of his plea agreement and therefore Perry should be subject to an increased sentence instead of benefiting from the breach. The Court held a hearing on the issue of whether Mr. Perry had breached the terms outlined in the plea agreement. At the conclusion of the hearing, the Court determined that Mr. Perry had breached the terms of the agreement by filing the aforementioned motion for sentencing consideration. The Court further determined that Perry should not be entitled to benefit from the breach. Nevertheless, the Court sentenced Mr. Perry to the low end of the applicable guideline range.[1]

Here, Mr. Perry aaserts that the atmosphere of the sentencing proceeding was tainted by the breach of plea agreement issue. Mr. Perry further asserts that had not Mr. Fitzgerald filed the motion

---

2. At the time, the Court's sentencing practice was to start with the assumption that the sentence ought to be in the middle of the range and then consider facts warranting the high or low end of the applicable range.

for sentencing consideration the breach of plea agreement issue would not have arisen during sentencing and tainted the atmosphere of the sentencing proceeding. Consequently, Mr. Perry asserts that the same factors that the Court considered (while under the presumption that there had been a breach)[2] to impose a sentence at the low end of the applicable range would have likewise been considered by the Court sua sponte (to impose an even lower sentence) following Mr. Perry's statement to the Court prior to pronouncement of sentencing and also pursuant to 18 U.S.C. § 3553(b) and <u>United States v. Booker</u>, 543 U.S. 220 (2005). It is highly likely that Mr. Perry received an increased sentence due to Mr. Fitzgerald having filed the motion for sentencing consideration and the Court laboring under the presumption that Perry had breached the terms of the plea agreement.

---

2. As discussed below, Mr. Perry alleges that there had been no breach of the terms of the plea agreement.

(iii)

Counsel Failed To Make The Proper Record Supporting Objection To The Government's Claim That Petitioner Had Breached The Terms Of The Plea Agreement By Filing A Motion For Sentencing Consideration.

Mr. Perry asserts that there had been no breach of the terms of his plea agreement and that Attorney Fitzgerald failed to make the proper record supporting objection to extinguish the Government's claim that Mr. Perry had in fact breached his plea agreement. Mr. Perry basis his claim on the fact that there appears to be an internal conflict or ambiguity within the plea agreement itself. As shown below, Attorney Fitzgerald failed to bring this conflict tot he attention of the Court.

When claiming that Mr. Perry had violated the terms of his his plea agreement, Government Attorney Ms. Browne referenced paragraph ("¶") 1(c) of Perry's plea agreement which reads: " 1. Defendant's Obligation .... (c) [t]he defendant further agrees that he will neither seek a downward departure under the guidelines nor advocate for a sentence below the guideline range." (emphasis added). The language noted in ¶ 1(c) is the Government's sole basis for claiming a violation of the terms of the agreement.

However, at ¶ 3 of Mr. Perry's plea agreement reads as follows: "3. Defendant understands that the guidelines are not binding on the Court, and that although the Court must consult the guideline in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking

into account the factors enumerated in 18 U.S.C. § 3553(a)." (emphasis added). Mr. Perry asserts that this provision of the plea agreement, ¶ 3, conflicts with ¶ 1(c) as ¶ 3 allows Mr. Perry to argue facts in support of a "reasonable" sentence downward from the statutory maximum penalty.

As shown, there did exist a factual basis noted within the plea agreement to argue against the Government's claim that Mr. Perry had breached the plea agreement. Attorney Fitzgerald provided ineffective representation by failing to make such an objection. As stated above, the breach pf plea agreement issue prejudiced Mr. Perry by tainting the sentencing atmosphere and is likely to have caused Mr. Perry to have been subjected to an increase in imprisonment.

(iv)

Counsel Failed To Object To The Miscalculation Of Petitioner's Criminal History Score.

The PO referred to Guideline § 4A1.1[3] when assessing Mr. Perry's criminal history points were assessed under Guideline §§ 4A1.1(b) and (c). Mr. Perry was assessed two points twice (for a total of 4 points) under § 4A1.1(b) for two prior felony sentences

---

3. Guideline § 4A1.1 reads in pertinent part: Criminal History Category. "The total points from items (a) through (f) determine the Criminal History Category in the Sentencing Table in Chapter Five Part A.

(a) Add **3** points for each prior sentence of imprisonment exceeding one year and one month.
(b) Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).
(c) Add **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this item.

for possession of stolen motor vehicle parts and conspiracy to violate control substance act.[4] Mr. Perry was also assessed seven single points (for a total of 7 points) under 4A1.1(c) for seven prior sentences for: receiving stolen goods (felony); tampering with motor vehicle (misdemeanor); breaking and entering at night (felony); obstruction of justice (misdemeanor); simple assault (misdemeanor); obstruction of justice (Count One) and Driving with suspended license (Count Two) (misdemeanor); and driving with no license (misdemeanor).[5]

(a)

Counsels Failed To Challenge The Miscalculation Of Petitioner's Criminal History Calculation Under Guideline § 4A1.1(c) Which Resulted In Petitioner's Criminal History Category Being Increased From IV Up To V.

As shown above, under Guideline § 4A1.1(c), a total of **4** points **only** may be added for prior sentences not counted in (a) or (b) of § 4A1.1. In Mr. Perry's case **7** points were added under 4A1.1(c), 3 points above and beyond the 4 point maximum allowed. The 3 additional unauthorized points increased Mr. Perry's criminal history category score from IV up to V, and effectively increased

4. Mr. Perry takes no issue with the assessment of the criminal history points under 4A1.1(b).

5. Mr. Perry's PSR is in the possession of prison officials. Prison Policy prohibits Mr. Perry from possessing his PSR. At the time Mr. Perry reviewed his PSR, Mr. Perry inadvertently failed to note the ¶ numbers appearing next to the noted prior sentences.

Mr. Perry's sentencing range from 77 to 96 months of imprisonment up to 92 to 115 months of imprisonment. Trial counsel Mr. Fitzgerald failed to object to the error and appellate counsel John T Ouderkirk failed to raise this error on appeal. This error affected Mr. Perry by effectively increasing Mr. Perry's sentence. Mr. Perry's sentence should be vacated or set aside and resentened at which time this error may be corrected.

(b)

Counsel Failed To Challenge Certain Of Petitioner's Criminal History Points As Having Been Assessed In Violation Of Petitioner's Right To Counsel.

Guideline § 4A1.2 provides that: "Sentences resulting from convictions that ... (B) have been ruled constitutionally invalid in a prior case are not to be counted." See 4A1.2 Application Note 6. (2008). The Supreme Court has held that "a suspended or probated sentence that may end up in the actual deprivation of a person's liberty may not be imposed unless the defendant was accorded counsel in the prosecution for the crime charged. See Alabama v. Shelton, 535 U.S. 654 (2002). The Court also stated that where no counsel had been provided the Sixth Amendment forbids activation of the suspended sentence or jail term upon violation of the terms of probation. Id at 662.

Mr. Perry has been assessed a total of 4 points for 4 misdemeanor convictions and sentences in which no details are mentioned on the issue of whether Mr. Perry was or was not represented by

counsel during the misdemeanor proceedings. Mr. Perry cannot recall having been represented by counsel during the proceedings. The misdemeanors at issue here are as follows: "tampering with motor vehicle (12/5/97); obstruction of justice 1 yr probation 1 yr suspended sentence (5/24/00); obstruction of justice (Count One), driving suspended license (Count Two), 1 yr probation & fine (11/6/04); and driving with no license, 1 yr probation, 1 yr suspended sentence (3/8/05)."

Here Mr. Perry asserts that none of the aforementioned prior misdemeanors should have been counted when computing his criminal history score. The 4 points increased Mr. Perry's sentence by effectively increasing Mr. Perry's criminal history score. Both counsels Fitzgerald and Ouderkirk provided ineffective representa tion by failing to challenge the 4 pints as discussed here.

**B.**

**GROUND TWO**

**Guideline Amendments 706 And 709 Apply Retroactively To Petitioner And Effectively reduces Petitioner's Base Offense Level, Criminal History Score, And Sentence.**

On November 1, 2007, the sentencing Commission Amended the the Sentencing Guideline to include Amendments 706 and 709. Amend ment 706 applies[6] to criminal defendants such as Mr. Perry, whom

6. On March 3, 2008, Amendment 706 was specifically designated to apply retroactively to criminal defendants seeking to reduce their sentences in proceedings under 18 U.S.C. § 3582(c)(2). See U.S.S.G. Manual Appx C Amendments 706, 711 and 712 (2008).

were sentenced for crack cocaine offenses under § 2D1.1(c) of the Guidelines. On the other hand, Amendment 709 applies[7] to criminal defendants such as Mr. Perry, whom were assessed criminal history points for misdemeanor and petty offenses resulting in probationary sentences of one year or less having been imposed, and also misdemeanor and petty offenses being excluded from the criminal history computation.

(i)

Amendment 706

Amendment 706, commonly being referred to as the "Crack Amendment" provides for a two level reduction in criminal defendants' offense levels. The crack cocaine involved in Mr. Perry's criminal offense is 14.78 grams which resulted in a base offense level of 26. Under Amendment 706, Mr. Perry's offense level is authorized to be, and must be, reduced downward by two levels to a level 24.[8] This reduction, when applied effectively reduces Mr. Perry's sentence.

---

7. Amendment 709 revised as well as clarified the operation of Guideline § 4A1.2, which provides "Definitions and Instructions for computing Criminal History," and thus applies retroactive to cases on direct appeal and in § 2255 proceedings. See U.S.S.G. Manual Appx C Amendment 709 (2008).

8. Mr. Perry also asserts that if resentencing is ordered on any claim alleged herein, that a further reduction in his offense level and sentence for the crack cocaine is authorized under Kimbrough v. United States, 128 S.Ct. 558, 169 L.Ed.2d. 481 (2007).

(ii)

Amendment 709

Amendment 709 amends Guideline § 4A1.2. Guideline § 4A1.1 now provides: (c) Sentences Counted and Excluded. Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:

> (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
> Careless or reckless driving
> contempt of court
> disorderly conduct or disturbing the peace
> driving without a license or with a revoked or suspended license
> false information to a police officer
> gambling
> hindering or failure to obey a police officer
> insufficient funds check
> leaving the scene of an accident
> non-support
> prostitution
> resisting arrest
> trespassing
> (2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known are never counted:
> fish and game violations
> hitchhiking
> juvenile status offenses and truancy
> local ordinance violations (except those violation that are also violations under state criminal law)
> loitering
> minor traffic infractions (e.g., speeding)
> public intoxication
> vagrancy.

<u>See</u> U.S.S.G. § 4A1.2(c) (2008).

Here, Mr. Perry asserts that five prior misdemeanor sentences resulting in probation of one year have been assessed one point and has been counted against him in violation of U.S.S.G. § 4A1.2

(c)(1)(A). Those sentences are for the following offenses: "tampering with a motor vehicle, misdemeanor 1 yr probation, 12/5/97, no details; obstruction of justice, misdemeanor 1 yr probation, 5/24/00, no details listed; simple assault, misdemeanor 1 yr probation, 7/8/01; obstruction of justice (Count One) and driving with suspended license, misdemeanor 1 yr probation and fine, 11/6/04; and driving with no license, misdemeanor, 1 yr probation, 3/8/05." Mr. Perry asserts that based on the above, that five criminal history points must be removed from his criminal history score computation. Absent the five points (from the current 11 points), Mr. Perry's criminal points are reduced from 11 down to 6 and therefor the criminal history category score is reduced from V down to III, producing a Guideline range of 63 to 78 months of imprisonment. Mr. Perry seeks resentencing based on Amendment 709.

## III. REQUEST FOR EVIDENTIARY HEARING.

Mr. Perry respectfully requests an evidentiary hearing on all claims presented where this Court may find it necessary that Perry submits additional evidence or proof in support of the alleged claims.

**CONCLUSION:**

**WHEREFORE** Petitioner Perry respectfully urges this Court to Grant him the relief from his conviction and sentence by vacating or setting aside the sentence and reimposing sentence consistent

with the claims presented herein.

**RESPECTFULLY SUBMITTED,**

**ERIC PERRY, PRO SE.**

**EXECUTED ON THIS 9TH DAY OF MAY, 2008.**

## DECLARATION OF PETITIONER

I, Eric Perry hereby declare that the foregoing statements are true and correct to the best of my ability or honor the penalty of perjury per 28 U.S.C. § 1746. I further declare that I did deliver this application to prison officials on May 9, 2008.

ERIC PERRY

DATED THIS 9TH DAY OF 2008.