into account the factors enumerated in 18 U.S.C. § 3553(a)." (emphasis added). Mr. Perry asserts that this provision of the plea agreement, ¶ 3, conflicts with ¶ 1(c) as ¶ 3 allows Mr. Perry to argue facts in support of a "reasonable" sentence downward from the statutory maximum penalty.

As shown, there did exist a factual basis noted within the plea agreement to argue against the Government's claim that Mr. Perry had breached the plea agreement. Attorney Fitzgerald provided ineffective representation by failing to make such an objection. As stated above, the breach of plea agreement issue prujudiced Mr. Perry by tainting the sentencing atmosphere and is likely to have caused Mr. Perry to have been subjected to an increase in imprisonment.

(iv)

Counsel Failed To Object To The Miscalculation Of Petitioner's Criminal History Score.

The PO referred to Guideline § 4A1.1[3] when assessing Mr. Perry's criminal history score. A total of 11 criminal history points were assessed under Guideline §§ 4A1.1(b) and (c). Mr. Perry was assessed two points twice (for a total of 4 points) under § 4A1.1(b) for two prior felony sentences

---

3. Guideline § 4A1.1 reads in pertinent part: Criminal History Category. "The total points from items (a) through (f) determine the Criminal History Category in the Sentencing Table in Chapter Five Part A.

(a) Add **3** points for each prior sentence of imprisonment exceeding one year and one month.
(b) Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).
(c) Add **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this item.